UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-133-HRW

HARRY CLARK,                                     PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a disability insurance benefits and supplemental security income benefits on December 23, 2002, alleging disability beginning on October 30, 2002, due to chronic obstructive pulmonary disease, depression and residual effects of a rode in the right leg (Tr. 56-58, 217-222).

This application was denied initially and on reconsideration.

On June 22, 2004, an administrative hearing was conducted by Administrative Law Judge Barry Anderson(hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 262-271). At the hearing, Joe Woolwine, a vocational expert (hereinafter "VE"), also testified (Tr. 272-276).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On March 24, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 20-26). At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21). The ALJ then determined, at Step 2, that Plaintiff suffered from chronic obstructive pulmonary disease, which he found to be "severe" within the meaning of the Regulations (Tr. 21). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22). In doing so, the ALJ specifically considered listing 3.02 (Tr. 22). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 26) but determined that he has the residual functional capacity ("RFC"): to perform sedentary to heavy work with certain nonexterional limitations (Tr. 26). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter

3

is ripe for decision.

### III. ANALYSIS

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

4

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in finding his impairments non-severe (2) the ALJ did not give appropriate weight to the opinions of his treating physician Dr. William Short and that of Dr. Rita Ratliff and (3) the ALJ did not properly assess Plaintiff's credibility.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erred in finding his impairments non-severe. Although not specifically stated in his motion, Plaintiff presumably refers to his depression and residual effects of a rod in the right leg as the ALJ determined that Plaintiff's chronic obstructive pulmonary disease was, indeed, servere (Tr. 21).

It is the burden of the claimant to prove the severity of his impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6${}^{th}$ Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6${}^{th}$ Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520(c) and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880

5

F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. The pertinent inquiry is whether an impairment is *disabling*, not merely whether an impairment exists.

In this case, the ALJ addressed Plaintiff's depression and musculoskeletal difficulties at Step 2 of the sequential analysis, he determined that neither rose to the level required by the regulations (Tr. 22). For example, with regard to the alleged depression, the ALJ found that there was no evidence of treatment for psychological dysfunction. As for the rod in Plaintiff's leg, the ALF found that the record showed that Plaintiff continued to perform heavy work for over 20 years after the rod was implanted. In addition, the credible medical evidence of record does not support a finding of any functional limitation resulting from the rod or its residual effects.

Nor has Plaintiff proffered evidence of the severity of these ailments. His argument consists of a bald allegation of error without any supporting argument. As such, Plaintff has failed to carry his burden in this regard. Moreover, the Court finds that the ALJ's analysis at Step 2 to be supported by substantial evidence on the record.

6

Plaintiff's second claim of error is that the ALJ did not give appropriate weight to the opinions of his treating physician, Dr. William Short and that of Dr. Rita Ratliff. Specifically, Plaintff argues that both Dr. Short and Dr. Ratliff restricted Plaintiff's activities due to his chronic pulmonary impairment.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On May 30, 2003, Dr. Short completed a residual functional capacity assessment in which he opined that Plaintiff could only perform work at a less than sedentary level (Tr. 201-205). However, as the ALJ noted, this opinion is not supported by any medical data, but, instead appears to be based on Plaintiff's subjective complaints. Further, as Dr. Short's own office notes indicate, he saw Plaintiff infrequently. Finally, Dr. Short's suggestion of extreme functional limitation is inconsistent with the other credible medical evidence of record as well Plaintiff's work history. Therefore, the Court finds that the ALJ did not err in discounting Dr. Short's opinion of extreme functional limitation.

Dr. Ratliff is not a treating source. She conducted a consultative examination on February 20, 2003 in which she restricted Plaintiff's travel to what he may be able to tolerate given his shortness of breath (Tr. 134-141). She also specifically stated: "[t]here is **no** evidence for restriction for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying or handling objects." (Tr.1360(emphasis added). She described the pulmonary examination as "normal" and that the pulmonary function test showed "moderate obstruction." She noted that Plaintff continued to smoke. The ALJ referred to her findings and did not discount them. As for the travel restriction, it would not appear to have a proper place in the RFC.

Finally, Plaintiff contends that ALJ did not properly assess Plaintiff's credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found Plaintiff's testimony regarding the severity of his symptoms and their limiting effect on his ability to perform work-related

8

activities to be "not entirely credible" (Tr. 22). For example, the ALJ pointed out that while Plaintiff alleges depression and disabling impairment resulting therefrom, the record reveals that he has never engaged in mental health treatment. Indeed, the record reveals limited treatment in any regard. In addition, the ALJ found that the social and physical activities described by Plaintiff at the hearing and in written documenting belie the contention of an inability to do any work-related activity. The Court finds no error in the ALJ's assessment of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This /7 day of April, 2006.

Henry R. Wilhoit, Jr., Senior Judge

9